1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7
8
9
10
11
12

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO.    CR-06-6052-WFN-1 |
| Plaintiff, ) | |
| ) | ORDER |
| -vs- ) | |
| ) | |
| YOSIO EDUARDO DELGADO-YONG, ) | |
| Defendant. ) | |

13
14
15
16
17

The Court reserved ruling on Defendant's Motion to Dismiss (Ct. Rec. 19) at the first pretrial conference held on February 27, 2007.  The Court did so to take into consideration the ruling in *Morales-Izquierdo v. Gonzales*, ___ F.3d ___, 2007 WL 329132 (9th Cir. 2/6/07) which was orally cited by the government.  The case was decided after the Government filed its briefing on this Motion.

18
19
20

The Court has reviewed the file, the briefing on the Motion, considered the comments of counsel and the ruling in *Morales-Izquierdo v. Gonzales*.  For the reasons state below the Defendant's Motion to Dismiss is granted.

21

**BACKGROUND**

22
23
24
25
26

The Defendant was indicted for being an alien in the United States after three prior deportation on September 7, 2001, September 14, 2001 and May 31, 2002, in violation of 18 U.S.C. § 1326.  It is undisputed that his first deportation occurred after a hearing before an immigration judge [IJ], and the second and third deportations were pursuant to reinstatement orders based upon the first deportation.

ORDER - 1

1    The Defendant requests that the indictment be dismissed for two reasons: 1) because

2    the reinstatement orders violate the provisions of the immigration statute; and 2) because the

3    reinstatement orders of removal are based on a hearing before an immigration judge [IJ] that

4    violated the Defendant's due process rights.

5                                    **DISCUSSION**

6    "In a criminal prosecution under § 1326, the Due Process Clause of the Fifth

7    Amendment requires a meaningful opportunity for judicial review of the underlying

8    deportation." *United States v. Zarate-Martinez,* 133 F.3d 1194, 1197 (9th Cir.1998) implied

9    overruled on other grounds in *United States v. Ballesteros-Ruiz,* 319 F.3d 1101, 1105 (9th

10   Cir.2003).   "If the defendant's deportation proceedings fail to provide this opportunity, the

11   validity of the deportation may be collaterally attacked in the criminal proceeding." *Zarate-*

12   *Martinez,* 133 F.3d at 1197.  However, a collateral attack cannot be made if the defendant's

13   waiver of his right to appeal the deportation order was valid, i.e. considered and intelligent.

14   *United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir. 2000).   The waiver of appeal made

15   before an IJ will not be considered and intelligent if the IJ  neglects to advise the person of

16   something that rises to the level of a due process violation.  Here, Defendant may make a

17   collateral attack on the validity of his deportation hearing because he alleges due process

18   violations at that hearing.   To succeed on such a collateral attack requires the Defendant to

19   prove: "(1) his due process rights were violated by defects in his underlying deportation

20   proceedings, and (2) he suffered prejudice as a result of the defects. *Id.*

21         **The reinstatement orders and the immigration statute**.  The Defendant asserts

22   that the two reinstatement orders of deportation were signed by immigration officers, not an

23   IJ, and that the officers did not have authority to do so under the statute.  The Immigration and

24   Nationality Act [INA] allegedly does not give the Attorney General the power to reinstate a

25   prior order of deportation without allowing for a hearing before an IJ.  Defendant argues that

26   any regulations that allow for some one other than the IJ to order reinstatement are *ultra vires*

ORDER - 2

1   to the INA.  Accordingly, Defendant argues that the reinstatement orders must be invalidated
2   due to this jurisdictional defect.  He finally argues that jurisdictional errors are never harmless
3   so Defendant was necessarily prejudiced and therefore the government may not rely on the
4   deportations of  September 14, 2001 and May 31, 2002.

5        In his briefing Defendant acknowledged that the case upon which this argument is
6   based,  *Morales-Izquierdo v. Ashcroft,* 388 F.3d 1299 (9th Cir. 2004) had been withdrawn to
7   allow for *en banc* review, *Morales-Izquierdo v. Ashcroft,* 423 F.3d 1118 (9th Cir. 2005),  and
8   that review had been stayed.  *Morales-Izquierdo v. Ashcroft*, 432 F.3d 1112 (9th Cir. 2006).
9   The Defendant relies on the reasoning of the case and also seeks to preserve his objections to
10  the reinstatement process pending the outcome of the *en banc* review.

11       Defendant's argument has now been foreclosed by the ruling in  *Morales-Izquierdo v.*
12  *Gonzales,* ___ F.3d ___, 2007 WL 329132 (9th Cir. 2/6/07).    The *en banc* court has
13  determined that regulations authorizing immigration officers, rather than IJs to reinstate
14  removal orders of aliens who illegally reenter the United States constitutes a valid
15  interpretation of the Immigration and Nationality Act.

16  **The reinstatement orders of removal and the hearing before the immigration judge**
17  **[IJ].** The Defendant's second basis for dismissal is that the two latest deportations noted in the
18  indictment are illegal because they are based on a hearing before an IJ in which Defendant's
19  due process rights were violated.  Specifically the Defendant asserts that the IJ failed to
20  adequately advise him of the "fast track" voluntary departure procedure and to develop his
21  eligibility under it.

22       An IJ must advise the alien at a deportation proceeding of potential grounds for
23  relief or the proceeding is defective.  *United States v. Arrieta,* 224 F.3d 1076, 1079 (9th
24  Cir. 2000).    The Government has the burden to show that an alien was sufficiently
25  advised of his rights. *Zarate-Martinez,* 133 F.3d at 1197.  As long as an alien is eligible for the
26  fast track voluntary departure under 8 U.S.C. § 1229c(a)(1) the IJ is required to advise him of

ORDER - 3

1   that right.  *United States v. Ortiz-Lopez,* 385 F.3d 1202 (9th Cir. 2004).  Here the Defendant

2   was eligible provided he had the $100 necessary to pay for departure and the IJ so advised the

3   Defendant.    The only issue is whether the IJ's advice regarding the option was

4   adequate.

5          The Court has reviewed the tape of the deportation hearings. At the first hearing the IJ

6   continued the matter to allow the Defendant to attempt to retain counsel.  At the second

7   hearing, where the Defendant was unrepresented, the IJ advises the Defendant that voluntary

8   departure would require $100 for him to pay his way back to Mexico.  The IJ then asked  "Do

9   you have that?"  Defendant's answer was "no."  The IJ's immediate response was "then I will

10  have to order removal."

11         The important question is not whether the Defendant had the $100 in his pocket.  The

12  questions is whether he could have sufficient funds so that he could "[depart] at [his] own

13  expense." 8 U.S.C. § 1229(c)(1).  The IJ knew that the Defendant had  family in the United

14  States because they discussed whether any of them were citizens.  Due process would demand

15  some exploration of whether Defendant could obtain the money from his family.  Moreover,

16  the Defendant had not been advised that he might need a $100 at the hearing to take advantage

17  of the voluntary departure option.  That information should have been included either in the

18  Notice to Appear or orally when IJ continued the first hearing.  Neither was done.  Phones

19  were available for the Defendant to make calls to attorneys so they could also have been used

20  before the second hearing to obtain the $100, if the Defendant had known that he would need

21  it.  The court  concludes that due process requires more than merely asking if the Defendant

22  has $100 on his person, considering the major consequences that can attach to having a prior

23  deportation on a person's record.

24         It is also true that the IJ did not explain the consequences of a removal versus a

25  voluntary departure which would have increased the likelihood that Defendant may have

26  interrupted the IJ to say that he could in fact get the money.  No opportunity was provided for

ORDER - 4

1   the Defendant to say or do anything as the IJ moved directly to the order of removal after the

2   Defendant answered that he did not have $100.

3        Once a defendant shows that a due process violation occurred he/she must then show

4   prejudice. *United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir. 2000).  To establish

5   prejudice the Defendant "does not have to show that he actually would have been granted

6   relief." *Id.*  He only needs to show "that he had a plausible ground for relief from deportation."

7   *Id.* (internal quotations omitted).   Defendant had no criminal history that would make him

8   ineligible for voluntary departure so that outcome was dependant on whether the $100 was

9   available.  Defendant presents a Declaration that he did not have the $100 with him but if

10  given an opportunity he could have obtained it from his parents or family.  This  assertion

11  appears reasonable, since he had family and $100 is not a large amount of money, so the

12  Defendant had a plausible ground for relief. Thus, the Defendant has shown both a due process

13  violation during the deportation hearing and the requisite prejudice to succeed on this collateral

14  attack of the deportation hearing and the Indictment must be dismissed.  Accordingly,

15       **IT IS ORDERED THAT** the Defendant's Motion to Dismiss, filed January 29, 2007,

16  **Ct. Rec. 19 is GRANTED.**  The Indictment is **DISMISSED WITH PREJUDICE.**

17       The District Court Executive is directed to file this Order and provide copies to counsel.

18       **DATED** this 28th day of February, 2007.

19

20                                    ___s/ Wm. Fremming Nielsen___
                                         WM. FREMMING NIELSEN
21  02-28                            SENIOR UNITED STATES DISTRICT JUDGE

22

23

24

25

26

ORDER - 5